MICHAEL G. O'NEILL
(MO3957)
Attorney for Plaintiff
30 Vesey Street
New York, New York 10007
(212) 581-0990

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  ]

**Maria Ramos,**                                                              ]

                                                                              ]    **06 Civ. 5294 (HB)**
                             **Plaintiff**,                                   ]
                                                                              ]
                      **- against -**                                         ]    COMPLAINT AND
                                                                              ]    DEMAND FOR
**Verizon Communications, Inc. and Jerry Rubino,**                            ]    JURY TRIAL
                                                                              ]
                        **Defendants.**                                       ]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff by her attorney, Michael G. O'Neill, states for her complaint as

follows:


        1.      This is an action seeking redress for defendants' violations of

plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 and

state and local antidiscrimination laws.


        2.      This Court has jurisdiction over the subject matter of this lawsuit

pursuant to 42 U.S.C. §1981, 28 U.S.C. §1331, 28 U.S.C. §1343(4), and 42 U.S.C.

§2000 et seq.


        3.      Venue is properly laid in the Southern District of New York because

plaintiff's employment records are maintained by defendant in the Southern District of

New York, because at least one defendant is a resident of the Southern District of New

York, and because most of the events and transactions giving rise to this lawsuit

occurred in the Southern District of New York.

        4.        Plaintiff is a Puerto Rican woman.

        5.        Defendant Verizon Communications Inc. ("Verizon") is a corporation

with its principal place of business in the Southern District of New York.  Verizon is in

the business of telecommunications equipment and services.

        6.        Defendant Jerry Rubino ("Rubino") is a White male.

        7.        Plaintiff was initially employed by Verizon from about August, 1994

until February, 2000.  During this period, plaintiff worked in sales and marketing

positions, in which capacity she was highly successful.  In February, 2000, plaintiff

voluntarily resigned to pursue other interests.

        8.        In April, 2002, plaintiff was re-hired by Verizon.  Plaintiff was hired as

a "Senior Strategic Account Manager," which was essentially a sales manager position.

        9.        Plaintiff continued her record of success with Verizon until early 2004,

when plaintiff was transferred to a newly formed sales division and assigned to work for

Rubino, who held the title of Vice President or its equivalent.  Upon information and

belief, plaintiff was the only Puerto Rican Senior Strategic Account Manager and one of

very few females in the division.

        10.       Between about March, 2004 and June, 2005, Rubino subjected

plaintiff to disparate terms and conditions of employment on account of her ethnicity

and gender.  Among other things, Rubino assigned to plaintiff accounts of companies

that were not likely to place orders with Verizon, he set sales figures for plaintiff that

were unrealistic, he failed to provide sales assistance to plaintiff and he generally set her

up to fail.

        11.      Verizon provided a system for adjusting sales figures to compensate

for factors beyond the control of the sales person.  Since plaintiff had been assigned

extremely difficult accounts, e.g., companies that had expressly stated that they would

not place orders with Verizon, she should have been given these adjustments.  Instead,

Rubino gave most of these adjustments to White employees who had been given

preferential sales accounts in the first place.  As a result, plaintiff was deprived of sales

bonuses and failed to meet her quotas.

        12.      In early 2005, Rubino placed plaintiff on a "performance

improvement plan."  The purpose of a performance improvement plan is, as the name

suggests, to improve the performance of an employee.  Rubino violated Verizon's

written policies in putting plaintiff on the performance improvement plan, and he failed

to do his part required under the plan.  Nevertheless, although plaintiff substantially

complied with the performance improvement plan, on about June 8, 2005, plaintiff was

terminated.  Upon information and belief, Rubino put plaintiff on the performance

improvement plan not to improve her performance (indeed, her performance was

objectively satisfactory), but to serve as a pretext for her termination.

13.     On about July 26, 2005, plaintiff filed timely charges of race and gender discrimination with the United States Equal Employment Opportunity Commission (the "EEOC").

14.     On about May 10, 2006, plaintiff received the EEOC's "Dismissal and Notice of Rights," which terminated her proceedings with the EEOC.  Plaintiff has filed this lawsuit within 90 days of receipt of the "Dismissal and Notice of Rights," and she has complied with all conditions precedent for bringing this lawsuit.

## Claim One

15.     Plaintiff alleges that Verizon subjected plaintiff to disparate terms and conditions of employment and terminated her employment on account of her gender and ethnicity in violation of 42 U.S.C. §2000e et seq.

## Claim Two

16.     Plaintiff alleges that Verizon subjected plaintiff to disparate terms and conditions of employment and terminated her employment on account of her ethnicity in violation of 42 U.S.C. 1981.

## Claim Three

17.     Plaintiff alleges that Verizon subjected plaintiff to disparate terms and conditions of employment and terminated her employment on account of her gender and ethnicity in violation of the New York State Executive Law.

**Claim Four**

18.      Plaintiff alleges that Verizon subjected plaintiff to disparate terms and conditions of employment and terminated her employment on account of her gender and ethnicity in violation of The New York City Administrative Code.

**Claim Five**

19.      Plaintiff alleges that Rubino directly participated in the discriminatory conduct complained of herein and is therefore personally liable to plaintiff under the New York State Executive Law.

**Claim Six**

20.      Plaintiff alleges that Rubino directly participated in the discriminatory conduct complained of herein and is therefore personally liable to plaintiff under the New York City Administrative Code.

   **WHEREFORE,** plaintiff demands judgment awarding to her all relief allowed by law, including without limitation:

   a) A money judgment for plaintiff's damages, including but not limited to lost wages, lost benefits, front pay, other economic damages, shame, humiliation, embarrassment and mental distress;

   b) An award of punitive damages and a statutory attorneys' fee to the fullest extent provided by law;

   c) Costs, interest and

d)  Such further and additional relief as the Court deems just and appropriate
under the circumstances.

Dated:  New York, New York
        July 12, 2006

                                          MICHAEL G. O'NEILL
                                          (MO3957)

                                          /s/ Michael G. O'Neill

                                        _____

                                          Attorney for Plaintiff
                                          30 Vesey Street
                                          New York, New York 10007
                                          (212) 581-0990

## JURY DEMAND

Plaintiff demands a jury trial.

                                          MICHAEL G. O'NEILL
                                          (MO3957)

                                          /s/ Michael G. O'Neill

                                          _____

                                          Attorney for Plaintiff
                                          30 Vesey Street
                                          New York, New York 10007
                                          (212) 581-0990

6